UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH GEORGE,<br><br>　　　　　Defendant and<br>　　　　　Judgment Debtor. | No. 2:16-mc-107-WBS-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |
| PRINCIPAL LIFE INS. CO., PRINCIPAL FINANCIAL GROUP,<br><br>　　　　　Garnishee. | |

　　This matter is before the court on the government's request pursuant to section 3205(c)(7) of the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, for a final order garnishing disability insurance benefits defendant Joseph George receives from garnishee Principal Life Insurance Company, Principal Financial Group ("Principal Life").[1] ECF No. 11. For the reasons explained below, the request must be granted.

---

[1] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(7). *See* 28 U.S.C. § 636(b)(1).

I.  Background

Defendant Joseph George pleaded guilty to one count of mail fraud. A judgment of conviction on that offense was entered against him on November 18, 2003. *United States v. George*, Case No. 2:02-cr-00325-WBS, ECF No. 82. The judgment required George to pay $622,545.32 in restitution and a $100 special assessment. *Id*. at 5.

George failed to pay and the government commenced this collection proceeding by filing an application for a Writ of Continuing Garnishment against monthly disability insurance payments George receives from Principal Life. ECF No. 1. The Clerk of Court subsequently issued a writ of continuing garnishment, and the government served the writ and its attachments on Principal Life. ECF No. 4. The government also served George with copies of the writ and its attachments. ECF No. 5. George was also served with a notice and instructions regarding his rights in this collection action, including instructions on how to: object to an acknowledgment of service and answer filed by the garnishee, file a claim exemption to the proposed garnishment, and request a hearing in this case.[2] *Id.*

Thereafter, Principal Life filed an Acknowledgment of Service and Answer of Garnishee, indicating that it pays George $2,750.00 a month under a disability insurance policy. ECF No. 9. Principal Life further indicated that it served a copy of its answer on George, his counsel, and the United States on June 23, 2016. George did not file any objections, nor did he file a claim of exemption or request for hearing. The government now seeks a final order of continuing garnishment. ECF No. 11.

II.  Application for Final Order of Continuing Garnishment

Under the Mandatory Victim Restitution Act ("MVRA"), "the government may collect on a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), *see* 18 U.S.C. §§ 3613(f), 3664(m), and 'may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil

---

[2] With plaintiff's counsel's agreement, the United States emailed counsel a copy of these documents after the government learned that counsel had moved office locations and had not retrieved the first service package that had been set aside for him at the United States Post Office in El Dorado Hills, California. ECF No. 11 ¶ 6.

judgment under Federal law or State law,' *id*. § 3613(a)." *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009). The FDCPA "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Under the FDCPA, a "debt" includes "[a]n amount that is owing to the United States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B).

The FDCPA requires the government to provide the judgment debtor with notice of the commencement of garnishment proceedings as provided by 28 U.S.C. § 3202(b). The judgment debtor has twenty days after receipt of the notice to request a hearing. *Id*. If a garnishment hearing is held, it is limited to the issues of (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default . . . to -- (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

The court finds that the United States has complied with the FDCPA's requirements regarding an application for writ of garnishment. George and his attorney were served notice of the writ of garnishment directed to Principal Life and seeking continuing garnishment of 25 percent of George's disability insurance payment. Further, George has not timely filed a request for a hearing pursuant to 28 U.S.C. § 3202(d), nor otherwise responded to the government's application. Accordingly, the United States' application for a final order of continuing garnishment should be granted.

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant Joseph George's disability insurance benefits be garnished.

2. The United States recover ten percent (10%) litigation surcharge authorized under 28 U.S.C. § 3011(a) in addition to the unpaid judgment balance.

3. Principal Life deliver, within fifteen (15) days of the date of any order adopting these findings and recommendations, a cashier's check or money order to the Clerk of Court in the amount of twenty-five percent (25%) of the disability benefits defendant received from Principal

3

Life from June 23, 2016, the date Principal Life acknowledged receipt of the United States' writ of garnishment, through the date of any order adopting these findings and recommendations.

4. Thereafter, Principal Life shall deliver to the Clerk of Court monthly payments in the amount of twenty five percent (25%) of the monthly disability insurance benefits it pays defendant until the later of the judgment debt and surcharge being paid in full, or the date Principal Life no longer pays defendant any benefits, compensation or earnings. Principal Life shall notify Michelle Lecroy of the United Sates Attorney's Office, Eastern District of California, Financial Litigation Unit, if any of defendant's monthly entitlements cease.

5. Principal Life make the ordered payments payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814. Principal Life shall also state the criminal docket number (Case No.: 2:02-cr-00325-WBS) on the payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4